UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS TURNER,<br><br>           Plaintiff,<br><br>     v.<br><br>CONTRA COSTA COUNTY SUPREME COURT, et al.,<br><br>           Defendants. | Case No. 22-cv-03397 BLF (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, who is currently confined at West County Detention Facility, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

**DISCUSSION**

A. **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim

upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Plaintiff's Claims**

Plaintiff claims "court conspiracy," ineffective assistance of counsel, attorney malpractice, and several other allegations in connection with state criminal proceedings in Contra Costa County Superior Court. Dkt. No. 1 at 3. The attached papers indicate that the allegations are in connection with Case No. 02-334434-8, involving charges of indecent exposure, carrying a dirk or dagger, and probation violation. *Id.* at 8. Plaintiff claims that he was subjected to two evaluations which found him competent, but that a third evaluation, conducted by one of the same doctors, found him incompetent. *Id.* at 2-3. Plaintiff claims that false claims were made against him to "assassinate" his character. *Id* at 3. Plaintiff claims that the court then ruled he was "incompetent" and "schedule[e]d him to "DSH… for… so called incompetent test result." *Id.* Plaintiff names as defendants his public defender, the district attorney, the trial judge, and "all [who] work for Contra Costa Co. Supreme Court [and] P.D. Office." *Id.* at 2. He seeks a settlement and award in his favor. *Id.*

Plaintiff appears to be challenging the finding that he was incompetent to stand trial under California Penal Code § 1370. This is bolstered by the fact that he includes a claim for compassionate release under Penal Code § 1370.015, which specifically states that such relief may be available to those who have been committed because they were found incompetent to stand trial. Furthermore, the Court has conducted a search of Plaintiff's criminal case (No. 02003344348) on the Contra Costa County Superior Court's online

database.[1] [2] The docket for this case indicates that a "DSH Commitment" document was filed on March 3, 2022; Plaintiff signed the instant complaint four days later, on March 7, 2022. Dkt. No. 1 at 3. The docket also indicates that a "Mental Health Diversion Petition"[3] was recently filed on November 7, 2022. *See infra* at fn. 1. Furthermore, several matters have been scheduled, including a "Felony Readiness Conference"[4] (11/10/2022), a "Preliminary Hearing" (11/15/2022), and a "Doctors Report Hearing" (12/7/2022). *Id.* Accordingly, it appears that state proceedings have been ongoing or are recommencing.

As an initial matter, Plaintiff's claims for damages against the trial judge, the district attorney, and public defender are barred or fail to state a cognizable claim. A state judge is absolutely immune from civil liability for damages for acts performed in his judicial capacity. *See Pierson v. Ray*, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under 42 U.S.C. § 1983). Judicial immunity is an immunity from suit for damages, not just from an ultimate assessment of damages. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Finding Plaintiff was incompetent to stand trial was certainly an act performed in his judicial capacity. Likewise, Plaintiff's damage claim against the prosecuting attorney is also barred. A state prosecuting attorney enjoys absolute immunity from liability under 42 U.S.C. § 1983 for his conduct in "pursuing a criminal prosecution"

---

[1] https://odyportal.cc-courts.org/Portal/Home/Dashboard/29

[2] A district court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (internal quotation marks and citations omitted) (granting request to take judicial notice in § 1983 action of five prior cases in which plaintiff was pro se litigant, to counter her argument that she deserved special treatment because of her pro se status).

[3] Pursuant to Cal. Pen. Code § 1001.36, a defendant with a mental disorder who has been accused of committing specific crimes may qualify to receive treatment rather than go to jail or prison.

[4] *See* California Rules of Court 4.112. Readiness conference (court may hold a readiness conference in felony cases within 1 to 14 days before the date set for trial).

3

insofar as he acts within his role as an "advocate for the State" and his actions are "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). (1976).  Lastly, Plaintiff cannot state a claim against his public defender because a public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses, and making closing arguments. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 556 U.S. 81, 93 (2009).  Accordingly, the claims against these defendants must be dismissed.

With respect to any remaining claims, in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *Heck*, 512 U.S. at 486-487.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.  When a state prisoner seeks damages in a § 1983 suit, the district court must therefore consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  *Id. Heck* applies to detainees under an involuntary civil commitment scheme, such as California's Sexually Violent Predator's Act ("SVPA") with access to habeas relief.  *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1140 (9th Cir. 2005).  Such a detainee's claim for damages and/or declaratory relief must be dismissed without prejudice under the rationale of *Heck* if success on the claim would necessarily imply the invalidity of the detainee's civil commitment.  *See id.* at 1140-41, 1142.

Here, it appears that Plaintiff was found incompetent to stand trial. Therefore, his claim for damages must be dismissed without prejudice under the rationale of *Heck* because success on the claim would necessarily imply the invalidity of Plaintiff's civil commitment. *See Huftile*, 410 F.3d at 1140. Until and unless his civil commitment is invalidated, Plaintiff cannot bring a claim for damages under § 1983. Accordingly, this action must be dismissed as barred by *Heck*, 512 U.S. at 487.

### C. Guardian ad litem

Federal Rule of Civil Procedure 17(c) provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The purpose of Federal Rule of Civil Procedure 17(c) is to protect an incompetent person's interest in prosecuting or defending a lawsuit. *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014) (citation omitted). When the court determines that a pro se litigant is incompetent, a guardian ad litem should be appointed under Rule 17(c), but the appointment is not mandatory. *Id.*

"[I]n the unusual case when it is clear that a potentially incompetent party has no interest that could be protected by appointing a guardian ad litem or issuing another appropriate order," a district court may decline to assess the party's competence and decline to appoint a guardian ad litem. *Harris v. Mangum*, 863 F.3d 1133, 1039 (9th Cir. 2017); *see, e.g., id.* at 1138-39 (district court did not abuse its discretion in declining to hold competency hearing where it was "beyond question" that prisoner-plaintiff had no viable claim against the defendants and there was no negative collateral consequence from having filed the present frivolous complaint because the prisoner-plaintiff already had three strikes under § 1915(g)). At this point, Plaintiff has no viable claim because of the *Heck* bar and there are no interests that could be protected by appointing a guardian ad

litem at this juncture. Furthermore, Plaintiff may still return with a § 1983 claim if the underlying commitment, sentence, or conviction are reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-487. Accordingly, the Court declines to assess Plaintiff's competency and appoint a guardian ad litem at this time. *Harris*, 863 F.3d at 1039.

## CONCLUSION

For the foregoing reasons, the complaint is **DISMISSED** without prejudice as barred by *Heck*, 512 U.S. at 487.

**IT IS SO ORDERED.**

Dated:  __November 8, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.22\03397Turner_dism(Heck)